# In the United States Court of Federal Claims

No. 19-720T
(Filed: July 29, 2019)

|  |  |
|---|---|
| JOHN DOE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Keywords: RCFC 10(a); Anonymous or Pseudonymous Plaintiffs; <u>Advanced Textile</u>. |

*T. Scott Tufts*, CPLS, P.A., Orlando, FL, for Plaintiff.

*Joseph A. Pixley*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *James P. Connor*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

This case arises out of Plaintiff's status as a former confidential informant for the Internal Revenue Service ("IRS"). Currently before the Court is his Motion to Redact and to File Complaint and Other Documents Under Seal. ECF No. 4. Plaintiff has requested that the Court allow him to (1) proceed under a pseudonym and (2) file documents in this case in redacted form and/or under seal. In support of the motion, Plaintiff asserts that disclosure of his identity and other information related to this case could "bring about harm, or put his or his family's life at risk, through retaliation [possibly by his former employer] or otherwise." Mot. to Redact & to File Compl. & Other Docs. Under Seal ("Pl.'s Mot.") at 1.

The government opposes Plaintiff's motion. It contends that Plaintiff "has not overcome the presumption of public identity or demonstrated with particularity the necessity of proceeding anonymously." Def.'s Opp. to Pl.'s Mot. ("Def.'s Opp.") at 2, ECF No. 8. As explained further below, the Court finds it appropriate to enter a protective order in this case allowing Plaintiff to proceed as "John Doe" and implementing procedures for the redaction of certain types of information from public filings. Accordingly, Plaintiff's motion is **GRANTED**.

# BACKGROUND[1]

According to his complaint, which was filed on May 15, 2019, Plaintiff acted as a confidential informant to the IRS starting in 1998, when he reported tax fraud on the part of his employer. Compl. ¶¶ 13, 25, ECF No. 1. After a series of meetings with IRS agents, Plaintiff was designated as a confidential informant, and the IRS instructed him not to quit his job despite his expressed desire to do so. Id. ¶¶ 43–44, 46. Plaintiff further alleges that the IRS induced him to remain employed at his position by offering him a reward of 15% of the total amount of money recovered because of his assistance. Id. ¶ 48. Plaintiff remained employed with the same employer, at the IRS's behest, until 2000. Id. ¶ 65. He was later deactivated as a confidential informant in 2001. Id. ¶ 75.

Over the course of several years following his deactivation, Plaintiff inquired with the IRS regarding the status of the reward owed to him for the information provided during his time as a confidential informant. For example, in 2005 he alerted the agency to articles reporting that his former employer failed to report more than $10 million in employee wages during the 1990s. Id. ¶¶ 79–80. Ultimately, Plaintiff received a check for $114,888.36 in December 2016 pursuant to a settlement agreement. Id. ¶¶ 118, 122–23. According to Plaintiff, that agreement also provided for additional reward proceeds to be paid after any future recoveries from the subject taxpayers. Id. ¶ 122. In early 2018, the IRS stated it would not be paying Plaintiff any additional "post-decision proceeds." Id. ¶ 123.

Based on his allegations, Plaintiff's complaint alleges three claims: (1) breach of an implied-in-fact confidential-informant agreement, id. ¶¶ 124–37; (2) breach of the 2016 settlement agreement, id. ¶¶ 138–49; and (3) breach of the covenant of good faith and fair dealing, id. ¶¶ 150–79.

The government's answer to Plaintiff's complaint is currently due on September 13, 2019. See July 12, 2019 Order, ECF No. 11 (granting extension of time to respond to complaint). The government has filed a response to Plaintiff's motion to proceed anonymously and to file documents under seal, and Plaintiff has filed a reply in support of his motion. ECF Nos. 8–9. Accordingly, the motion is ripe for the Court's review.

# DISCUSSION

## I. Applicable Law

Under Rule 10(a) of the Rules of the Court of Federal Claims ("RCFC"), all complaints filed in this court must name all of the plaintiffs in a lawsuit and all subsequent pleadings must name at least the first plaintiff. "Identifying all parties to a lawsuit facilitates public scrutiny of judicial proceedings." Doe No. 1 v. United States, 143 Fed. Cl. 238, 240 (2019) (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)). When faced with a

---

[1] The facts set forth in this section are taken from Plaintiff's complaint. The Court includes these facts herein for general background and does not accept them as true for purposes of deciding the merits of Plaintiff's case.

party's request to proceed anonymously or otherwise withhold case information from public view, courts must balance the plaintiff's interests "against both the public interest in disclosure and any prejudice to the defendant." Id. (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008)). "Secrecy" may be necessary under certain circumstances in order to "protect a person from harassment, injury, ridicule or personal embarrassment." Id. (quoting Advanced Textile, 214 F.3d at 1067). Trial courts are afforded wide discretion in making such determinations. Advanced Textile, 214 F.3d at 1068; Whistleblower 14106-10W v. Comm'r, 137 T.C. 183, 190–91 (2011).

Several judges of this court have applied the five-factor test set forth in Advanced Textile to decide whether a plaintiff may proceed anonymously. See, e.g., Doe No. 1, 143 Fed. Cl. at 240; Whalen v. United States, 80 Fed. Cl. 685, 690–93 (2008); Wolfchild v. United States, 62 Fed. Cl. 521, 552–54 (2004) (reversed on other grounds, 559 F.3d 1228 (Fed. Cir. 2009)). Under that test, courts analyze: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the government; and (5) the public interest. Advanced Textile, 214 F.3d at 1068–69. The first three factors "capture the weight of a plaintiff's privacy interest." Doe No. 1, 143 Fed. Cl. at 240. The Court will analyze those three factors collectively before discussing prejudice to the government and the public interest.

## II.     Analysis

### A.     Plaintiff's Interest in Proceeding Anonymously

In support of his motion, Plaintiff asserts that disclosure of his identity would create a risk of "harm, or put his or his family's life at risk, through retaliation or otherwise." Pl.'s Mot. at 1. In response, the government argues that Plaintiff has failed to make an adequately specific showing that he fears any significant harm, that such fear is reasonable, and that he is vulnerable to retaliation. Def.'s Opp. at 4. Plaintiff argues in his reply that the government's position fails to account for the unique circumstances involved in confidential-informant and whistleblower cases. Pl.'s Reply at 1–3. Among other arguments, he points to the mandatory confidentiality imposed as part of the IRS whistleblower and confidential-informant programs as support for his position that he should be allowed to proceed anonymously. Id. at 7–8. He also argues that the allegations in his complaint support his claimed fear of harm and/or retaliation. Id. at 8–10.

The Court agrees with Plaintiff that his status as a confidential informant is probative, though not dispositive, for purposes of the Court's consideration of his interest in proceeding anonymously. See Whistleblower 14106-10W, 137 T.C. at 200 (noting "our legal system's general solicitude for confidential informants"). Aside from the fact that the IRS is prohibited by statute from revealing the identities of confidential informants, the Tax Court has recognized that disclosure of their identities can jeopardize future employment in cases where informants have reported illegal tax activity of their former employers. Id. at 200, 203–04; see also Whistleblower 12568-16W v. Comm'r, 148 T.C. 103, 104 (2017) (finding that IRS whistleblower who reported on former employer's tax violations had "a well-founded concern that disclosure of [his] identity would cause the taxpayer to retaliate against [him] and [his] family, resulting in professional and personal ostracism, economic loss, and even threats to [his] family's safety").

3

The government argues in the alternative that Plaintiff's request to proceed anonymously came too late because "he has effectively disclosed his identity via the claim number disclosed in the complaint, [so] the cat is already out of the bag." Def.'s Opp. at 5 (internal quotation marks and citations omitted). The Court rejects this argument because the disclosure of Plaintiff's identity to the government is a separate issue from potential harm arising from disclosure to the public at large. The attendant risks of disclosure to each of these two audiences are distinct; therefore, the government's reliance on distinguishable cases involving public disclosure is misplaced. See id. (citing cases where plaintiffs' identities had already been disclosed to the public).

In summary, the Court finds that Plaintiff has made a threshold showing that he has a well-founded interest in proceeding anonymously because of his status as a former confidential informant. The unique circumstances of confidential-informant cases in combination with the fear of harm asserted in his motion to proceed anonymously are sufficient to convince the Court that the potential harm is nontrivial and reasonable, and that Plaintiff could be vulnerable to economic or other retaliation by his former employer. The Court next considers the countervailing factors of prejudice to the government and the public interest in the disclosure of Plaintiff's identity.

### B.   Prejudice to the Government

The government contends that concealing certain information in court filings in this case will both burden and prejudice the government because it "would be hamstrung in its ability to investigate Mr. Doe's claims and to properly and fairly defend itself in this lawsuit." Id. at 6. This assertion is puzzling in light of the government's "cat is out of the bag" argument that Plaintiff has already effectively disclosed his identity through his claim number. In any event, any such prejudice to the government can be mitigated through a protective order providing for disclosure of identifying information to the government but not to the public. See Doe No. 1, 143 Fed. Cl. at 242 (describing burden on government as minimal where it "already kn[ew] Plaintiffs' identities" and could "access them pursuant to [a] protective order").

Thus, allowing Plaintiff to proceed anonymously need not prevent the government from effectively defending the case, engaging in discovery, and otherwise addressing Plaintiff's claims. The Court will enter a protective order allowing for the disclosure of otherwise redacted information to the government, thereby minimizing any prejudice.

### C.   The Public Interest

The final factor to be weighed pursuant to Advanced Textile is the public interest in open judicial proceedings. The Court is mindful that, generally speaking, a plaintiff's use of a "fictitious name[] runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command" that every case title should identify the parties by name.

Advanced Textile, 214 F.3d at 1067.[2] Nonetheless, "the public interest in knowing a plaintiff's name is weaker where anonymity does not obstruct the public's view of the issues." Doe No. 1, 143 Fed. Cl. at 242 (citing Advanced Textile, 214 F.3d at 1068–69, 1072). The Court therefore finds that the public interest in access to judicial proceedings can be balanced with Plaintiff's privacy interests in this case through the public release of redacted court opinions and orders and party filings. This will facilitate the public's view of the issues underlying the Court's resolution of Plaintiff's claims without exposing him to the potential harms discussed above.

## CONCLUSION

On the basis of the foregoing, the Court finds that Plaintiff's reasonable and nontrivial interest in proceeding anonymously and withholding certain sensitive information from public disclosure can be balanced with the government's litigation interests and the public's interest in open judicial proceedings. In the event these interests shift as the case progresses, the Court may revisit these issues. At this juncture, however, Plaintiff's Motion to Redact and to File Complaint and Other Documents Under Seal (ECF No. 4) is **GRANTED**. Plaintiff may proceed in this case anonymously under the pseudonym "John Doe." In addition, the parties shall file a joint proposed protective order consistent with this Opinion and Order on or before **August 12, 2019**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan  
ELAINE D. KAPLAN  
Judge

---

[2] Like RCFC 10(a), Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of every complaint "include the names of all the parties." Advanced Textile, 214 F.3d at 1067 (citing Rule 10(a) of the Federal Rules of Civil Procedure).